CAROTHERS DISANTE & FREUDENBERGER LLP
TERESA W. GHALI, State Bar No. 252961
tghali@cdflaborlaw.com
600 Montgomery Street, Suite 440
San Francisco, CA 94111
Telephone: (415) 981-3233

VORYS, SATER, SEYMOUR AND PEASE LLP
DANIEL J. CLARK, Ohio State Bar No. 75125 (*Pro hac vice to be filed*)
djclark@vorys.com
LIANA R. HOLLINGSWORTH, Ohio Bar No. 85185 (*Pro hac vice to be filed*)
lrhollingsworth@vorys.com
200 Public Square, Suite 1400
Cleveland, OH 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060

Attorney for Defendant
SAFELITE FULFILLMENT, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINDY L. KOSTER,<br><br>Plaintiff,<br><br>v.<br><br>SAFELITE FULFILLMENT, INC., a Corporation; and DOES 1-100 inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Safelite Fulfillment Inc. ("Safelite" or "Defendant") files this Notice of Removal of Action to Federal Court from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. *See* 28 U.S.C. §§ 1441(a), 1446. In support of this Notice of Removal of Action to Federal Court, Defendant states the following:

**BACKGROUND**

1. Plaintiff Cindy L. Koster ("Plaintiff") filed a complaint (the "Complaint") in the Superior Court of California in and for the County of Alameda on January 8, 2020, against Defendant and "DOES 1-100." The suit is captioned "*Cindy L. Koster v. Safelite Fulfillment, Inc., a corporation; and DOES 1-100 inclusive*", Case No. RG20049574 (the "State Court Action"). (Copies of the Summons, Complaint, and Civil Cover Sheet are attached hereto as Exhibit A).

2. Plaintiff brings the following five causes of action under the California Fair Employment and Housing Act ("FEHA"): (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) retaliation for requesting accommodations; and (5) failure to prevent discrimination and retaliation. (*See* Exhibit A, Complaint ¶¶ 27-55). Plaintiff's Sixth Cause of Action asserts a wrongful discharge in violation of public policy claim. (*Id.* at ¶¶ 56-63). Finally, in her Seventh, Eighth, Ninth and Tenth Causes of Action, Plaintiff alleges that she is entitled to unpaid overtime and business expenses in violation of Labor Code sections 510, 2802, and 201, as well as section 17200 of the California Business & Professions Code. (*Id.* at ¶¶ 64-86).

3. Defendant was served with a Summons and a copy of the Complaint on March 16, 2020. A copy of the Service of Process documentation is attached hereto as Exhibit B.

4. No other pleadings have been filed in the State Court Action.

**THE REMOVAL IS TIMELY**

5. This Notice of Removal of Action to Federal Court is timely filed pursuant to 28 U.S.C. § 1446(b), since it is being filed within thirty (30) days of the date (March 16, 2020) that Defendant was served with a Summons and a copy of the Complaint in the State Court Action.

**THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332**

6. The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441 *et seq*. on the basis of diversity of citizenship. This Court has jurisdiction of the action under 28 U.S.C. § 1332, because the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

7. For diversity purposes, an individual's "state citizenship is . . . determined by her state of domicile[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (*citing Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

8. In her Complaint, Plaintiff states that she is a resident of Alameda County, California. (*See* Exhibit A, Complaint ¶ 1). Accordingly, for diversity purposes, Plaintiff is a citizen of California.

9. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Safelite is a Delaware corporation with its principal place of business[1] at 7400 Safelite Way, Columbus, Ohio, 43235. *See* Declaration of Barbara Mason in Support of Notice of Removal of Action to Federal Court at ¶¶3-4, attached hereto as Exhibit C. Thus, Defendant is neither incorporated in California nor does it have a principal place of business in California.

10. Accordingly, for purposes of determining diversity, Defendant is regarded as a citizen of Delaware and Ohio, and not a citizen of California.

11. The citizenship of fictitiously-named "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336,

---

[1] When referencing a "principal place of business", Defendant refers to the corporate headquarters of Safelite Fulfillment, Inc. which is the company's "nerve centers" where the company's officers direct, control, and coordinate the company's activities. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

1339 (9th Cir. 1987). Accordingly, the minimal diversity of citizenship requirements under 28 U.S.C. § 1332(d)(2) are met.

THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. In her Complaint, Plaintiff merely alleges that the amount in controversy in this matter exceeds $25,000.00. (*See* Exhibit A, Civil Cover Sheet). However, Plaintiff fails in her Complaint to specify a particular amount of damages above that jurisdictional amount that are at issue. Where a complaint does not state the amount in controversy, the removing defendant must establish by a preponderance of the evidence – *i.e.*, that it is "more likely than not" – that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

13. The burden to establish the amount in controversy by a preponderance of the evidence is not a daunting burden, and courts recognize that, under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *Donald v. Xanitos, Inc.*, No. 14-cv-05416, 2015 U.S. Dist. LEXIS 52582, *10 (N.D. Cal. Apr. 17, 2015) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

14. When determining the amount in controversy, the court "must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Fong v. Regis Corp.*, No. 13-cv-04497, 2014 U.S. Dist. LEXIS 275, *5 (N.D. Cal. Jan. 2, 2014).

15. In determining whether it is more likely than not that the amount in controversy exceeds $75,000, a court can consider each of the following:

a. The allegations in the complaint, facts in the removed petition, and any summary-judgment-type evidence that is submitted. *Rivera v. Costco Wholesale Corp.*, No. C-08-02202, 2008 U.S. Dist. LEXIS 58610, at *5 (N.D. Cal. July 11, 2008); *Ontiveros v. Michaels Stores, Inc.*, No. CV-12-09437, 2013 U.S. Dist. LEXIS 31036, at *7 (C.D. Cal. Mar. 5, 2013); *Green v. Party City Corp.*, No. CV-01-09681, 2002 U.S. Dist. LEXIS 7750, at *6 (C.D. Cal. April 12, 2002).

b. Jury verdicts involving similar allegations and claims. *Rivera*, 2008 U.S. Dist. LEXIS 58610, at * 9; *Ontiveros*, 2013 U.S. Dist. LEXIS 31036, at *7; *Bryant v. Apotex, Inc.*, No. 1:12-cv-01377, 2012 U.S. Dist. LEXIS 168287, at *11 (E.D. Cal. Nov. 27, 2012).

c. General compensatory damages. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

d. Punitive damages when they are recoverable as a matter of law. *Rivera*, 2008 U.S. Dist. LEXIS 58610, at * 9; *Vasquez v. Arvato Digital Serv., LLC*, No. CV-11-02836, 2011 U.S. Dist. LEXIS 69154, at *9 (C.D. Cal. June 27, 2011); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002); *Green*, 2002 U.S. Dist. LEXIS 7750, at *8. In determining the amount of punitive damages at issue, the court can consider punitive damages awards in other cases involving similar allegations and claims. *Vasquez*, 2011 U.S. Dist. LEXIS 69154, at *9; *Simmons*, 209 F.Supp.2d at 1033; *Green*, 2002 U.S. Dist. LEXIS 7750, at *8.

e. Attorneys' fees if such fees are authorized by statute. *Rivera*, 2008 U.S. Dist. LEXIS 58610, at * 11-12; *Vasquez,* 2011 U.S. Dist. LEXIS 69154, at *9; *Cross v. Home Loan Mortgage Corp.*, No. CV-11-04728, 2011 U.S. Dist. LEXIS 77032 at *3-4 (C.D. Cal. July 15, 2011).

f. Emotional distress damages. *Rivera*, 2008 U.S. Dist. LEXIS 58610, at * 8-11; *Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 U.S. Dist. LEXIS 1600051, at *8 (C.D. Cal. Oct. 31, 2012); *Vasquez,* 2011 U.S. Dist. LEXIS 69154, at *9. In determining the amount of emotional distress damages at issue, the court may consider non-economic damages awarded to plaintiffs in cases containing similar allegations and claims. *Perez,* 2012 U.S. Dist. LEXIS 1600051, at *8; *Cain v. Hartford Life and Accident Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. Sept. 7, 2012); *Vasquez,* 2011 U.S. Dist. LEXIS 69154, at *9.

16. Applying these principles, courts have found on numerous occasions that the

amount in controversy exceeded $75,000 in employment discrimination cases where the plaintiff did not specify the amount of damages sought in the complaint. *See, e.g.*, *Ontiveros*, 2013 U.S. Dist. LEXIS 31036, at *7 (amount in controversy exceeded $75,000 when defendant estimated plaintiff's loss of earnings to be close to the jurisdictional amount and plaintiff also sought emotional distress and punitive damages); *Perez*, 2012 U.S. Dist. LEXIS 1600051, at *8 (amount in controversy exceeded $75,000 when plaintiff's compensatory damages equaled $25,851 and defendant introduced evidence of other cases awarding more than $75,000 in non-economic damages in similar types of cases); *Vasquez*, 2011 U.S. Dist. LEXIS 69154, at *8-11 (amount in controversy exceeded $75,000 where plaintiff sought $25,171 in lost wages and also sought attorneys' fees, punitive damages, and emotional distress damages); *Rivera*, 2008 U.S. Dist. LEXIS 58610, at *8-11 (amount in controversy exceeded $75,000 where plaintiff's lost wages equaled $52,000 and plaintiff also sought emotional distress damages, punitive damages, and attorneys' fees); *Simmons*, 209 F.Supp.2d at 1032-35 (defendant in employment discrimination case met burden of establishing amount in controversy exceeded $75,000 when compensatory damages were $25,000, defendant introduced evidence of substantial punitive damages awards in similar types of cases, defendant introduced evidence of substantial emotional distress damages in similar types of cases, and plaintiff also sought attorneys' fees).

17. In the present case, like the foregoing cases, it is more likely than not that the amount in controversy exceeds $75,000.

18. Plaintiff seeks economic damages and other compensatory damages. She claims that she was employed as a Service Representative for Safelite until her alleged unlawful termination on February 20, 2018. (*See* Exhibit A, Complaint ¶ 7). Plaintiff alleges that she earned an hourly rate of $19.68 per hour. (*Id.*). Plaintiff also alleges that she "worked over eight (8) hours in a day, over twelve (12) hours in a day, and/or over forty (40) hours in a week." (*Id.* at ¶ 66). Even without taking into account any alleged overtime, Plaintiff's lost wages to

date are approximately $87,379.20.[2] Additionally, Plaintiff alleges that she is also owed an unpaid balance of overtime compensation and unreimbursed business expenses along with waiting time statutory penalties. (*Id.* at ¶¶ 64-86). Thus, her economic damages, alone, exceed the $75,000 jurisdictional threshold.

19. Courts have repeatedly held that the amount in controversy is met when the lost wages exceed $75,000. For example, in *Dep't of Fair Empl. & Hous. V. Lucent Techs., Inc.*, No. 07-3747, 2007 U.S. Dist. LEXIS 77360 (N.D. Cal. Oct. 9, 2007), the Northern District of California found that the amount in controversy requirement was met where the plaintiff's entitlement to backpay as of the date the notice of removal was filed totaled $89,232. *Id.* at *6. Similarly, in *Browand v. Ericsson Inc.*, No. 18-cv-02380, 2018 U.S. Dist. LEXIS 129263, the Northern District of California found that the amount in controversy was satisfied by the plaintiff's back pay alone which totaled $84,967.42. *Id.* at *15 (remanding on other grounds diversity grounds).

20. Plaintiff also seeks non-economic "emotional distress damages" due to the alleged discrimination and retaliation. (*See* Exhibit A, Complaint ¶ 62). Several courts have awarded plaintiffs over $75,000 in emotional distress damages alone in employment discrimination cases. *See, e.g., Perez*, 2012 U.S. Dist. LEXIS 1600051, at *8 (citing *Morales v. L.A. Cnty. Metro. Transp. Auth.*, No. BC339557 (L.A. Super. Ct. Aug. 19, 2008) (awarding $300,000 for past non-economic damages); *Ismen v. Beverly Hosp.*, No. BC366198 (L.A. Super. Ct. Aug. 13, 2008) (awarding $113,100 in emotional distress damages); *Rivera*, 2008 U.S. Dist. LEXIS 58610, at *11 (citing *Kolas v. Access Bus. Grp. LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (awarding plaintiff $ 200,000 in emotional distress damages); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (S.F. Super. Ct.) (jury awarded plaintiff $122,000 in emotional distress damages)); *Stephens v. Coldwell Banker Commercial Grp., Inc.*, 199 Cal. App. 3d 1394, 1398 (Cal. Ct. App. 1988), *disapp'd on other grounds by White v. Ultramar*, 21 Cal. 4th 563, 575 n.4 (Cal. 1999) (affirming damages award of $100,000 for emotional

[2] $19.68/hr x 40 hours = $787.20; $787.20/wk x 111 weeks = $87,379.20.

distress).

21. Plaintiff is also seeking punitive and exemplary damages. (*See* Exhibit A, Complaint ¶¶ 32, 37, 42, 47, 54, 62, and PRAYER FOR RELIEF). Courts have awarded plaintiffs punitive damages in FEHA cases in amounts substantially higher than the amount in controversy. *See, e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing cases resulting in jury verdicts with punitive damages awards ranging from $60,000 to $40 million); *EEOC v. Farmer Bros. Co*., 31 F.3d 891, 894 (9th Cir. 1994) (affirming punitive damages award of $833,434.80 in case under FEHA); *Noyes v. Kelly Servs*., Inc., No. 2:02-cv-2685, 2008 U.S. Dist. LEXIS 73437, at *2 (E.D. Cal. Aug. 4, 2008) (jury verdict of $5.9 million in punitive damages); *Rivera*, 2008 U.S. Dist. LEXIS 58610, at *11 (citing *Lopez v. Bimbo Bakeries USA Inc*., 2007 WL 4339112 (San Francisco Super. Ct.)) (jury awarded the plaintiff $2 million in punitive damages); *Stephens v. Coldwell Banker Commercial Corp*., 199 Cal. App. 3d 1394, at 1398, disapp'd on other grounds by *White v. Ultramar*, 21 Cal. 4th 563, 575 n.4 (Cal. 1999) (affirming award of $200,000 in punitive damages).

22. Finally, Plaintiff is seeking attorneys' fees and legal expenses. (*See* Exhibit A, Complaint ¶¶ 70, 79 and PRAYER FOR RELIEF). When assessing attorneys' fees for the purpose of determining the amount in controversy, a court should consider "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons*, 209 F. Supp. 2d at 1035. At least one district court in California has held that a reasonable amount of hours expended in employment matters ranges from 100 to 300 hours. *See e.g. Stainbrook v. Target Corp*., Case No. 2:16CV00090, 2016 U.S. Dist. LEXIS 74833, *13 (C.D. Cal. June 8, 2016)). As of February 2018, Plaintiff's counsel's, Jocelyn Burton, hourly rate was $950.[3] Using Ms. Burton's stated hourly rate, a conservative estimate for attorneys' fees in this

---

[3] *See* February 28, 2018 Declaration of Jocelyn Burton in Support of Plaintiff Harold C. Robinson, Jr. et al.'s Motion for Attorneys' Fees and Reimbursement of Costs and Expenses [ECF Doc. 240-3] in *Harold C. Robinson, Jr., et al. v. Open Top Sightseeing San Francisco, LLC*, Case No. 4:14-cv-00852 (N.D. Cal), attached hereto as Exhibit D.

case would be $95,000. Accordingly, the estimated attorneys' fees in this case, alone, puts the amount n controversy at an amount greater than $75,000.

23. Moreover, some California courts have awarded substantially more than $95,000 in attorneys' fees in cases involving FEHA claims. *See, e.g.*, *Valera v. Costco Wholesale Corp.*, No. B215631, 2010 Cal. App. Unpub. LEXIS 8737, at *1–*2 (Cal. Ct. App. Nov. 4, 2010) (affirming award of nearly $500,000 in attorneys' fees and costs on retaliation claim under FEHA); *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (awarding prevailing plaintiff under FEHA $573,700 in attorneys' fees); *Leuzinger v. Cty. of Lake*, No. C-06-00398, 2009 U.S. Dist. LEXIS 29843, at *31 (N.D. Cal. Mar. 30, 2009) (awarding prevailing plaintiff $735,500 in attorneys' fees in FEHA action); *Noyes*, 2008 U.S. Dist. LEXIS 73437, at *20–*21 (awarding plaintiff $765,972.70 in attorneys' fees in FEHA action).

24. Based on the allegations in the Complaint and the case law cited herein, the amount in controversy, including Plaintiff's lost wages, unpaid overtime and reimbursements, attorneys' fees, non-economic damages, punitive damages, and statutory damages, clearly exceed $75,000. Accordingly, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## CONSENT OF ALL PARTIES

25. Safelite is the only named Defendant and it joins in and consents to this Notice of Removal of Action to Federal Court as evidenced by the signature of its counsel below.

## VENUE

26. Plaintiff originally filed her action in the Superior Court for Alameda County. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391 and 1441(a), because it encompasses the county in which this action is currently pending.

## NOTICE OF REMOVAL

27. Written notice of the filing of this Notice of Removal of Action to Federal Court will promptly be served on all parties as required by 28 U.S.C. § 1446(d). The Alameda Superior Court is not accepting removal filings in civil cases due to COVID-19 until May 2,

2020. *See* Superior Court of California, County of Alameda COVID-19 website (http://www.alameda.courts.ca.gov/Pages.aspx/COVID-19; last visited April 13, 2019; noting that under Emergency Local Rule 1.8a, certain emergency civil filings will be accepted via fax filing or dropbox, but removal documents are *not* included on that list). Accordingly, Defendant will file a copy of this Notice of Removal of Action to Federal Court with the Clerk of Courts for the Alameda County Superior Court, as required by 28 U.S.C. § 1446(d), on May 2, 2020 or as soon as the Alameda County Superior Court begins to accept civil case removal filings (in the event filing operations are not resumed on May 2, 2020). A copy of the Notice to State Court which will be filed is attached hereto as Exhibit E.

**RESERVATION OF RIGHTS**

28. This Notice of Removal of Action to Federal Court is filed subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service of process, and lack of personal jurisdiction. No admissions are intended hereby, and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, Defendant hereby removes the action now pending against it in the Superior Court of the State of California, County of Alameda, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated: April 14, 2020

CAROTHERS DiSANTE & FREUDENBERGER LLP

/s/ *Teresa W. Ghali*
Teresa W. Ghali

Attorneys for Defendant
SAFELITE FULFILLMENT, INC

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED BY FAX
ALAMEDA COUNTY
January 08, 2020
CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SAFELITE FULFILLMENT, INC., a corporation; and DOES 1-100 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

CINDY L. KOSTER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Alameda
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* RG20049574

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jocelyn Burton, Burton Employment Law, 1939 Harrison St., Ste. 400, Oakland, CA 25

DATE: *(Fecha)* January 08, 2020 Clerk, *(Secretario)* , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

SUPERIOR COURT OF CALIFORNIA EUREKA COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

EXHIBIT A

**JOCELYN BURTON, SBN 135879**
**BURTON EMPLOYMENT LAW**
**1939 Harrison Street, Suite 400**
**Oakland, CA 94612**
**Ph: (510) 350-7025**
**Fax: (510) 473-3672**
**jburton@burtonemploymentlaw.com**

FILED BY FAX
ALAMEDA COUNTY
January 08, 2020
CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy
CASE NUMBER:
RG20049574

**Attorneys for Plaintiff, CINDY L. KOSTER**

**SUPERIOR COURT OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| **CINDY L. KOSTER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SAFELITE FULFILLMENT, INC., a corporation; and DOES 1-100 inclusive,**<br><br>**Defendants.** | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR**<br><br>**1. DISABILITY DISCRIMINATION**<br>**2. FAILURE TO ACCOMMODATE**<br>**3. FAILURE TO ENGAGE IN INTERACTIVE PROCESS**<br>**4. RETALIATION FOR REQUESTING ACCOMMODATION**<br>**5. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**<br>**6. FAILURE TO PAY OVERTIME**<br>**7. FAILURE TO REIMBURSE FOR REASONABLE BUSINESS EXPENSES**<br>**8. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 et seq.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cindy L. Koster ("Koster") brings this action against Safelite Fulfillment Inc., a corporation, and Does 1 through 100, for general, compensatory, punitive, and statutory damages, costs and attorneys' fees, resulting from the defendants' unlawful and tortious conduct, as ground therefore alleges.

## PARTIES

1. Koster is an individual and is, and was at all times relevant herein, a resident of Alameda County, California. At all times relevant herein, Koster was employed in Alameda County, and was an "employee" as defined by Government Code section 12926.

2. Koster is informed and believes and thereon alleges that Safelite Fulfillment, Inc. is a corporation headquartered in Columbus, Ohio. Koster is informed and believes and thereon alleges that Safelite Fulfillment, Inc. is an "employer" as defined by Government Code sections 12926(d), 12940(a), and 12940(j)(4)(A).

3. Safelite Fulfillment, Inc. and Does 1-100 are collectively referred to as Defendants.

4. Koster is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise, and therefore sues such Defendants by these fictitious names. Koster will amend this complaint to allege their true names and capacities when ascertained. Koster is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Koster's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5. Koster is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

**VENUE AND JURY TRIAL DEMAND**

6. Venue is proper in this court because the discriminatory acts alleged herein took place in Alameda County, California, and Koster's former place of employment with Safelite Fulfillment, Inc. is located within Alameda County. Koster hereby demands a jury trial.

///

///

///

## GENERAL ALLEGATIONS

7.      Safelite Fulfillment, Inc. employed Koster as a non-exempt employee from approximately 2007 until 2012.  Safelite Fulfillment, Inc. also employed Koster from approximately January 31, 2013 until she was unlawfully terminated on February 20, 2018. Safelite Fulfillment, Inc. assigned her to work at the Union City, California branch office located at 33432 Central Avenue, Union City, California 94587.  She earned an hourly rate of $19.68 per hour.  As a Service Representative, her duties consisted of answering phones, communicating with auto glass customers, providing clients with quotes, and communicating with insurance companies. Koster reported to General Manager John Torres.

8.      During Koster's employment, Safelite Fulfillment, Inc. employed approximately 15 other Service Representatives at the Union City branch office.  Of the 15, approximately five other Service Representatives worked with Koster during Koster's shifts.   The duties of the other Service Representatives were identical to Koster's duties.  When a Service Representative was on vacation or missed extended time, the other Service Representatives performed the absent Service Representative's duties. For example, when one Service Representative was out on pregnancy leave and other related leave for approximately nine months, Koster and the other Service Representatives performed her duties.

9.      Although Safelite Fulfillment, Inc. provided employees with company phones, Torres regularly contacted Koster via her personal cell phone.  For example, if Torres had questions about inventory or cash balance from the previous day, he contacted Koster via her private cell phone on her days off.  He also called Koster during her meal breaks to make work-related inquiries.  Safelite Fulfillment, Inc. failed to compensate Koster for the reasonable use of her cell phone to perform her duties.

10.      Torres also required Koster to withdraw cash from a bank approximately twice a week for Safelite Fulfillment, Inc..  At times, Torres also instructed Koster to purchase printing supplies.  Although Koster used her personal vehicle, Safelite Fulfillment, Inc. failed to compensate her for travel expenses.

11. During Koster's employment, Safelite Fulfillment, Inc. paid Koster with overtime pay. However, Safelite Fulfillment, Inc. failed to pay her overtime pay when Torres required Koster to work on her days off. Torres contacted Koster via her private cell phone on her days off. On several occasions, he also instructed her to close the store and turn-off the office's computer system. Koster was never compensated for the overtime hours she worked during her days off.

12. On July 20, 2017, Koster received medical paperwork authored by Physician Assistant Elena Beider excusing Koster from work from July 1, 2017 to July 23, 2017. On July 26, 2017, Koster returned to work. On or around August 1, 2017, Koster began medical leave because of heart arrhythmia and hypertension. Koster's healthcare provider provided her with several medical notes excusing her from work from August 1, 2017 to October 6, 2017. Koster is informed and believes Family Medical Group of San Leandro provided the medical paperwork to Safelite Fulfillment, Inc. via facsimile.

13. In October 2017, Koster had heart surgery. On or around October 18, 2017, Koster emailed Leave Administrator Danielle Sennet a medical notice from Dr. Bruce A. Robertson of Family Medical Group of San Leandro excusing Koster from work from October 7, 2017 until November 5, 2017.

14. On November 7, 2017, Koster emailed Ms. Sennet the following:

> Hi Dani
>
> I thought [*sic*] i sent you an email yesterday however it was stuck in draft. I wanted to let you know that [*sic*] i have a [*sic*] dr appointment for [*sic*] tomm at [*sic*] 1045am. I had gotten really sick on Thursday and still am but the [*sic*] dr had to reschedule me for tomorrow. Can you please let me know if [*sic*] anymore time at all would be able to be taken [*sic*] witout me being [*sic*] seperated from my job. I am not trying to [*sic*] loose my job in no way [*sic*] I really like my job and the company [*sic*] I started there in 2005 and that is my second home [*sic*] please let me know what can or needs to be done to prevent this. My phone reception is very poor still in my area so if you try to call me please leave a message or an email and I will get to an area where I can return it.
>
> Thank you.
>
> Cindy.

15. On November 8, 2017, Ms. Sennet emailed Koster requesting medical documentation supporting Koster's further medical leave and that Koster to call her after Koster's

medical appointment. Family Medical Group of San Leandro sent Ms. Sennet paperwork excusing Koster from work until January 6, 2018.

16. On January 18, 2018, Dr. Robertson authored medical paperwork excusing Koster from work from January 6, 2018 until February 20, 2018. Koster is informed and believes Family Medical Group of San Leandro faxed Safelite Fulfillment, Inc. the medical paperwork authored by Dr. Robertson.

17. On February 5, 2018, Ms. Sennet emailed Koster requesting further medical documentation supporting Koster's leave from work beyond January 6, 2018. Ms. Sennet alleged she never received any medical paperwork excusing Koster from work beyond January 6th. Ms. Sennet requested that Koster contact her by February 20, 2018.

18. On February 20, 2018, Ms. Sennet sent a letter to Koster notifying Koster that Koster's employment was terminated as of February 20, 2018 because Koster failed to provide further medical documentation supporting her leave of absence and for failing to respond to "any recent communication attempts."

19. On February 24, 2018, Koster emailed Ms. Sennet confirming receipt of the termination paperwork. Koster also stated the following:

> Not only did [*sic*] i just deal with a major issue of my heart that was affecting my life but now I have no job due to it. [*sic*] had I not took this time to do such this would have never happened. I misplaced my note so I personally went to the [*sic*] dr office to have them fax the note 2 times being I recall a time when we spoke as I was the office and you never received it. I never thought this would [*sic*] be happen in a million years. Is there anything I can do to reinstate my job? I even went to the office in person earlier this month and spoke with a manager to let him know I would be coming back the end of this month and I was looking forward to it. I love my job and all my coworkers, they are my 2nd family. Dani please help me [*sic*] safelite is my 2nd home for years. I was so happy to finally be able to see everyone [*sic*] tue, [*sic*] im just at a loss for words [*sic*] absoutley hurt and heartbroken. Can I go get the note and email it on [*sic*] Monday..? Dani please I beg you to help me.

20. On February 26, 2018, Ms. Sennet emailed Koster requesting that Koster call her and provide medical documentation supporting her absence beyond January 6, 2018. Ms. Sennet also asked if Koster had been released to return to work.

21. On February 26, 2018, Koster emailed Ms. Sennet. Koster stated the following:

> Hi Dani,
> I am at the [*sic*] dr office now, I am unable to call because of the 3 [*sic*] hrs difference and [*sic*] im pretty sure you are home already. The [*sic*] doctors office just faxed you the paperwork you need and [*sic*] i made sure

> [*sic*] i got a confirmation this time. I will also email you the notes as well. Due to my blood pressure being in a hypertension state at this visit (140/80) my date to return back is [*sic*] monday as they want me to monitor it the next few days and put me back on blood pressure medicine. [*sic*] they also would like me to start off with part-time for 2 weeks, I am fully released to return back, they would like for me to follow up in a month.
> I am without a cell phone but I just had a landline put in [*sic*] the number is ....
> Thanks
> Cindy

22. On February 26, 2018, Family Medical Group of San Leandro faxed Ms. Sennet two medical notices authored by Physician Assistant Beider: 1) Medical paperwork dated January 18, 2018 excusing Koster from work from January 6, 2018 to February 20, 2018 and (2) Paperwork dated February 26, 2018 excusing Koster from work from February 21, 2018 through March 4, 2018. Physician Assistant Beider also placed Koster on light duty (i.e. half workdays) from March 5, 2018 through March 19, 2018.

23. On March 13, 2018, Koster emailed Ms. Sennet inquiring whether Safelite Fulfillment, Inc. would allow her to return to work. On that same day, Ms. Sennet responded via email stating the following: "I am still reviewing with the management team and waiting for final approval. Thanks for following up. Dani."

24. On March 15, 2018, Ms. Sennet emailed Koster requesting that Koster call her. On or around March 16, 2018 Ms. Sennet notified Koster via telephone that the management team did not rescind the termination of Koster's employment.

25. On March 20, 2018, Koster was released to work without restriction.

## ADMINISTRATIVE EXHAUSTION

26. On January 9, 2019, Koster obtained her Right to Sue Letter from the California Department of Fair Employment and Housing. On January 15, 2019, Koster obtained her Amended Right to Sue Letter. On January 17, 2019, Koster served Safelite Fulfillment, Inc., via certified mail, a copy of her initial and amended Right to Sue Letters.

///

///

///

///

///

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(a)**
**(Disability Discrimination)**
**Against Defendants**

27. Koster hereby realleges and incorporates by reference Paragraphs 1 through 26 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

28. The Fair Employment and Housing Act ("FEHA") explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation or military and veteran status. Gov. Code § 12940(a). "Race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, sexual orientation, or military and veteran status" includes a perception that the person has any of those characteristics or that the person is associated with a person who has, or is perceived to have, any of those characteristics. Gov. Code § 12926(n).

29. At all times relevant herein mentioned, Koster was qualified for the position she held with Safelite Fulfillment, Inc..

30. Safelite Fulfillment, Inc. was at all times material herein Koster's employer pursuant to Government Code section 12926(d) and was therefore barred from discriminating in its employment decisions in violation of Government Code section 12940(a).

31. Nevertheless, as set forth above, Safelite Fulfillment, Inc. discriminated against Koster based on her disability, perceived disability, and/or future perceived disability, in violation of Government Code section 12940(a).

32. The acts taken toward Koster were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Koster, thereby justifying an award of punitive

damages.

33. As a direct and proximate result of Defendants' conduct, Koster has suffered damages and requests relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(m)**
**(Failure to Accommodate)**
**Against Defendants**

34. Koster hereby realleges and incorporates by reference Paragraphs 1 through 33 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

35. The FEHA requires an employer to reasonably accommodate the known disabilities of its employees. Gov. Code § 12940(m).

36. Nevertheless, as set forth above, Defendants refused to provide Koster with a reasonable accommodation for a disclosed disability.

37. The acts taken toward Koster were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Koster, thereby justifying an award of punitive damages.

38. As a direct and proximate result of Defendants' conduct, Koster has suffered damages and requests relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(n)**
**(Failure to Engage in Interactive Process)**
**Against Defendants**

39. Koster hereby realleges and incorporates by references Paragraphs 1 through 38 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

40. The FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any,

in response to a request for reasonable accommodation by an employee or applicant with a known physical disability or known medical condition." Gov. Code § 12940(n).

41. Nevertheless, as set forth above, Defendants failed to participate in timely, good faith, or interactive discussions with Koster.

42. The acts taken toward Koster were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Koster, thereby justifying an award of punitive damages.

43. As a direct and proximate result of Defendants' conduct, Koster has suffered damages and requests relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(m)(2)**
**(Retaliation for Requesting Accommodation)**
**Against Defendants**

44. Koster hereby realleges and incorporates by reference Paragraphs 1 through 43 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

45. The FEHA provides that is unlawful for an employer to retaliate or otherwise discriminate against a person for requesting accommodation for a disability, regardless of whether the request was granted.

46. Nonetheless, as set forth above, Defendants discriminated and retaliated against Koster because she requested accommodation for her disability.

47. The acts taken toward Koster were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Koster, thereby justifying an award of punitive damages.

48. As a direct and proximate result of Defendants' conduct, Koster has suffered damages and requests relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(k)**
**(Failure to Prevent Discrimination and Retaliation)**
**Against Defendants**

49. Koster hereby realleges and incorporates by reference Paragraphs 1 through 48 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

50. The FEHA requires an employer to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov. Code § 12940(k).

51. Safelite Fulfillment, Inc., at all times material hereto, was Koster's employer pursuant to Government Code section 12926(d) and were therefore required to prevent discrimination and retaliation as set forth in Government Code section 12940(k).

52. Safelite Fulfillment, Inc. knew or should have known of the discrimination and retaliation by its employees, supervisors, managers, and Does 1-100, inclusive.

53. Nevertheless, as set forth above, Safelite Fulfillment, Inc. did nothing to rectify or prevent said discrimination and retaliation. Instead, Safelite Fulfillment, Inc. consented to, encouraged, permitted and/or acquiesced to the discrimination and retaliation.

54. The acts taken toward Koster were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Koster, thereby justifying an award of punitive damages.

55. As a direct and proximate result of Defendants' conduct, Koster has suffered damages and requests relief as hereafter provided.

**SIXTH CAUSE OF ACTION**
**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**
**(Against All Defendants)**

56. Koster hereby realleges and incorporates by reference Paragraphs 1 through 55 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

57. Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal.3d 167 and *Rojo v. Kliger* (1990) 52 Cal.3d 65.

58. Under California law, there is a fundamental and well-established public policy prohibiting discrimination against employees on the basis of their disability and prohibiting retaliation against employees for engaging in protected activity. Said public policies are embodied in the Constitution of the State of California and in California statutes, particularly Government Code §§ 12920 and 12940.

59. Koster was employed by Defendants.

60. Defendants discharged Koster.

61. Koster was discharged because of her disability and because she requested an accommodation for her disability.

62. Because of Defendants' wrongful termination in violation of public policy, Koster has suffered and continues to suffer economic and emotional distress damages.

63. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard of Koster's rights and Koster is therefore entitled to punitive damages in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief and judgment as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 510**
**(Failure to Pay Overtime)**
**Against Defendants**

64. Koster hereby realleges and incorporates by references Paragraphs 1 through 25 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

65. Pursuant to Labor Code section 510, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

66. During the relevant time period, Koster worked over eight (8) hours in a day, over twelve (12) hours in a day, and/or over forty (40) hours in a week.

67. During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Koster.

68. Defendants' failure to pay Koster the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code.

69. Under the California Labor Code, any agreement between an employer and an employee to work for less than the legal overtime wage is invalid.

70. Koster has been injured and requests the wages owed to her, prejudgment interest attorney's fees, and costs recoverable in a civil action.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 2802**
**(Failure to Reimburse for Business Expenses)**
**Against Defendants**

71. Koster hereby realleges and incorporates by references Paragraphs 1 through 25 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

72. California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

73. At set forth above and during the relevant time period, Defendants failed to indemnify and reimburse Koster for all necessary expenditures or losses incurred in direct consequence of discharge of duties, or of obedience to the directions of Defendants.

74. Wherefore, Koster has been injured and requests the reimbursement due to her, prejudgment interest, attorney's fees, and costs recoverable in a civil action.

**NINTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 201**
**(Failure to Pay All Wages Upon Termination)**
**Against Defendants**

75. Koster hereby realleges and incorporates by references Paragraphs 1 through 25 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

76. At all relevant times set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due immediately, and if an employee voluntarily leaves his or her employment, his or her wages, will become due by seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

77. During the relevant time period, Defendant willfully failed to pay Koster her wages, including overtime, earned and unpaid at the time of discharge.

78. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, under §§ 201 and 202, then the wages of the employee will continue as a penalty from the due date, at the same rate until paid or until an action is commenced, but wages will not continue for over thirty (30) days.

79. Wherefore, Koster has been injured and requests penalties under Labor Code § 203, attorney's fees, and costs recoverable in a civil action.

**TENTH CAUSE OF ACTION**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*)**
**Against Defendants**

80. Koster hereby realleges and incorporates by references Paragraphs 1 through 79 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

81. Defendants' conduct, as alleged, has been, and continues to be, unfair, unlawful, and harmful to Koster and to the general public, Koster seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

82. Defendants' activities, as alleged here, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

83. A violation of California Business & Professions Code §§ 17200 *et seq.* may be predicated on the violation of a state or federal law. Defendants' policies and practices of failing to provide required overtime pay, failing to reimburse employees for business expenses, discriminating against employees with disabilities, failing to engage in the interactive process, retaliating against employees with disabilities, and failing to accommodate employees with

disabilities, constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.*

84. Koster has been injured by Defendants' unlawful business acts and practices as alleged, including but not limited to the loss of money or property. Defendants have reaped unfair benefits and illegal profits at Koster's expense.

85. Koster is entitled to immediate possession of all amounts owed to her by Defendants, with interest.

86. Defendants' unfair business practices entitle Koster to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Koster the compensation unlawfully withheld from Koster.

**PRAYER FOR RELIEF**

WHEREFORE, Koster prays judgment against Defendants as follows:

1. Economic (special) and non-economic (general) damages;
2. For injunctive relief pursuant to Government Code section 19265(c)(3);
3. For punitive and/or exemplary damages;
4. For statutory attorneys' fees and costs, including those available under Gov. Code § 12965(b), Labor Code §§ 218.5, 1194(a), 2802(c) and Code of Civil Procedure § 1021.5;
5. Prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code §§ 3287(a) and 3289(b), Labor Code §§ 218.6, 1194(a) 2802(b),
6. Wages due to her pursuant to Labor Code §§ 510, 1194;
7. Waiting time penalties pursuant to Labor Code § 203;
8. Reimbursement of reasonable business expenses pursuant to Labor Code § 2802; and

///

///

///

///

9. All other and further relief as the Court deems just and proper.

**DATED:** January 8, 2020

BURTON EMPLOYMENT LAW

By ______________________
JOCELYN BURTON
Attorneys for Plaintiff
CINDY L. KOSTER

01/8/2020 13:24 PM PST TO:15102675739 FROM:5104733672 Page: 3

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
JOCELYN BURTON (SBN 135879)
BURTON EMPLOYMENT LAW
1939 Harrison Street, Ste. 400
Oakland, CA 94612
TELEPHONE NO.: (510) 350-7025 FAX NO.: (510) 473-3672
ATTORNEY FOR *(Name)*: Plaintiff Cindy L. Koster

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Koster v. Safelite Fulfillment, Inc.

FOR COURT USE ONLY

FILED BY FAX
ALAMEDA COUNTY
January 08, 2020
CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy
CASE NUMBER:
RG20049574

## CIVIL CASE COVER SHEET

☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 10 (disability discrimination, overtime, reimbursements)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 8, 2020
Jocelyn Burton
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# EXHIBIT B



null / ALL
Transmittal Number: 21298231
Date Processed: 03/19/2020

# Notice of Service of Process

**Primary Contact:** Natalie Morbitzer
Safelite Group
7400 Safelite Way
Columbus, OH 43235

**Electronic copy provided to:** Tena Thompson
Teresa Zugger

| | |
|---|---|
| **Entity:** | Safelite Fulfillment, Inc.<br>Entity ID Number 2815338 |
| **Entity Served:** | Safelite Fulfillment, Inc. |
| **Title of Action:** | Cindy L. Koster vs. Safelite Fulfillment, Inc. |
| **Matter Name/ID:** | Cindy L. Koster vs. Safelite Fulfillment, Inc. (10123181) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | RG20049574 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/16/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jocelyn Burton<br>510-350-7025 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com



# EXHIBIT C

TERESA W. GHALI, State Bar No. 252961
CAROTHERS DiSANTE & FREUDENBERGER LLP
601 Montgomery Street, Suite 350
San Francisco, CA 94111
tghali@cdflaborlaw.com
Telephone: (415) 981-3233
Facsimile: (415) 981-3246

Attorney for Defendant
SAFELITE FULFILLMENT, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CINDY L. KOSTER,

Plaintiff,

v.

SAFELITE FULFILLMENT, INC., a Corporation; and DOES 1-100 inclusive,

Defendants.

Case No.

**DECLARATION OF BARBARA MASON IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

I, Barbara Mason, declare and state as follows:

1. I am over the age of 21 and competent to make this Declaration. The statements made herein are based on my personal knowledge and familiarity with the facts stated herein.

2. I serve as Payroll Director for Defendant Safelite Fulfillment, Inc. ("Safelite" or "Defendant"). I have held this position since 2015.

3. Safelite is a Delaware corporation with its corporate headquarters and principal place of business in Columbus, Ohio. Safelite's corporate headquarters and principal place of business are located at 7400 Safelite Way, Columbus, OH 43235.

4. More specifically, Defendant's officers direct, control, and coordinate Safelite's business operations and activities from Columbus, Ohio.

EXHIBIT C

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 13 day of April of 2020.

Barbara Mason

Barbara Mason

2

DECLARATION OF BARBARA MASON IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

CAROTHERS DISANTE & FREUDENBERGER LLP

# EXHIBIT D

Case 4:14-cv-00852-PJH Document 240-3 Filed 02/28/18 Page 1 of 10

THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 302
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

BURTON EMPLOYMENT LAW
JOCELYN BURTON (SBN 135879)
1939 Harrison Street, Ste. 400
Oakland, CA 94612
Telephone: (510) 350-7025
Facsimile: (510) 473-3672
E-mail: jburton@burtonemploymentlaw.com

Attorneys for Individual and Representative Plaintiffs Harold C. Robinson, Jr., Lawrence Muse, the Certified Collective Action Members and the Certified Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD C. ROBINSON, JR., *et al.*

Plaintiffs,

vs.

OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC; and DOES 1-20,

Defendant.

**Case No. 4:14-cv-00852 PJH**

**DECLARATION OF JOCELYN BURTON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**

DECLARATION OF JOCELYN BURTON IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, ROBINSON v. OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC, Civil Case. No. 14-cv-00852 PJH
1

EXHIBIT D

I, Jocelyn Burton, declare as follows:

1. I am a member in good standing of the bar of the State of California and a principal in the law firm Burton Employment Law, one of the firms that appeared on behalf of the class in this case. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2. This Declaration is submitted in support of Plaintiff's Motion for Attorneys' Fees and Reimbursement of Costs and Expenses.

**CLASS COUNSEL'S BACKGROUND AND EXPERIENCE**

3. Burton Employment Law specializes in employment law cases. Throughout its seven-year existence, it has handled a number of wage and hour matters.

4. I have been a member of the California Bar since 1988. I started Burton Employment Law in 2011. From 1994 until 2005, I was an Assistant United States Attorney in the Northern District of California and served as deputy chief of the civil division from 1998 until 2001 and civil chief from 2001 until 2003. I have also been employed as either an associate or counsel at Thelen Marrin, Johnson & Bridges, Marron, Reid & Sheehy and Kilpatrick Stockton, LLP. During my 30 years of practice, I have served as lead, or co-lead counsel in over 500 cases in federal court and several hundred other cases in state court. I am also the attorney of record in over fifty published decisions in state and federal courts.

5. I have had an AV rating from Martindale-Hubbell since 2006. I have been designated as a Super Lawyer for Northern California in the area of Labor and Employment Law since 2012.

6. From 2012-2015, I served as a Lawyer's Representative of the Northern District of California.

7. I received a Bachelor of Arts degree from Wake Forest University in 1980. I received a Masters Degree in Public Affairs from the Lyndon B. Johnson School of Public Affairs at the University of Texas at Austin in 1983. I received a Juris Doctor degree from the University of Chicago Law School in 1988.

**BURTON EMPLOYMENT LAW'S FEE LODESTAR**

8. Burton Employment Law undertook this representation of Plaintiffs and Class Members on a contingent basis. Burton Employment Law has not received payment for the time it has devoted to this case, and took the risk that it would not be reimbursed for time spent.

9. The specific work performed by Burton Employment Law in prosecuting this action has included but has not been limited to, the following tasks: (1) consulting with the jury consultants, (2) preparing witnesses, (3) consulting with co-counsel regarding trial strategy; and (4) questioning witnesses at trial.

10. The regular and customary practice at Burton Employment Law is for all attorneys and law clerks to maintain electronic contemporaneous time records setting form the time spent on each tasks in the case, with explanatory descriptions of each task performed. I followed this practice throughout this litigation. Time is recorded electronically as work is performed in our case management system. The lodestar is recorded as well. A copy of an invoice of the billing records is attached as Exhibit A.

11. I have expended 93.80 on this litigation at a billing rate of $950.00 an hour.

DECLARATION OF JOCELYN BURTON IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, ROBINSON v. OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC, Civil Case. No. 14-cv-00852 PJH

3

12. The total lodestar through February 26, 2018, is $87,875.00.

13. To exercise billing judgment, I have applied a reduction of 10%, for a total request of $79,087.50.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 28, 2018, in Oakland, California.

/s/ Jocelyn Burton//_________

# EXHIBIT E

TERESA W. GHALI, State Bar No. 252961
CAROTHERS DiSANTE & FREUDENBERGER LLP
600 Montgomery Street, Suite 440
San Francisco, CA 94111
tghali@cdflaborlaw.com
Telephone: (415) 981-3233
Facsimile: (415) 981-3246

Attorney for Defendant
SAFELITE FULFILLMENT, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA,
COUNTY OF ALAMEDA**

| | |
|---|---|
| CINDY L. KOSTER,<br><br>Plaintiff,<br><br>v.<br><br>SAFELITE FULFILLMENT, INC., a Corporation; and DOES 1-100 inclusive,<br><br>Defendants. | Case No. RG20049574<br><br>**NOTICE TO STATE COURT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

**PLEASE TAKE NOTICE THAT** the undersigned counsel for Defendant Safelite Fulfillment, Inc. has filed the attached Notice of Removal of Action to Federal Court (Exhibit "1") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 with the United States District Court for the Northern District of California, thereby affecting the removal of this matter to said court. Accordingly, this Court should not proceed further with this matter unless and until the case is remanded.

EXHIBIT
tabbies
E

Dated: __________

Respectfully submitted,

_______________________________________

Teresa W. Ghali, State Bar No. 252961
CAROTHERS DiSANTE & FREUDENBERGER LLP
600 Montgomery Street, Suite 440
San Francisco, CA 94111
tghali@cdflaborlaw.com
Telephone: (415) 981-3233
Facsimile: (415) 981-3246

Attorneys for Defendant
SAFELITE FULFILLMENT, INC.

CAROTHERS DiSANTE & FREUDENBERGER LLP

DEFENDANT'S NOTICE TO STATE COURT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT