JOCELYN BURTON, SBN 135879
MARA SACKMAN, SBN 330490
**BURTON EMPLOYMENT LAW**
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
jburton@burtonemploymentlaw.com
msackman@burtonemploymentlaw.com

**Attorneys for Plaintiff, CINDY L. KOSTER**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CINDY L. KOSTER,**<br><br>    Plaintiff,<br><br>v.<br><br>**SAFELITE FULFILLMENT, INC.,**<br><br>    Defendants. | Case No.: 3:20-cv-02582<br><br>**PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO DEFENDANT'S RESPONSE MOTION TO WITHDRAW AS COUNSEL**<br><br>Date: March 10, 2021<br>Time: 2:00 pm<br>Judge: Hon. William H. Orrick<br>Place: via Zoom |

### I.      INTRODUCTION

On February 3, 2021, Plaintiff's Counsel filed a Motion to Withdraw as Counsel. On February 16, 2021, Defendant filed the Response Motion to Plaintiff's Counsel's Motion. In its Response, Defendant states that it has no objection to Plaintiff's Counsel's motion, however states that it is concerned about the status of discovery and the current case schedule and on those grounds "requests that this Court order Plaintiff or any new counsel to appear at a status conference within thirty (30) days and, in the event there is no appearance, to dismiss this case with prejudice." Notably, there are not currently any status conferences scheduled in this case. Defendant's request

is clearly an unreasonable attempt to improperly take advantage of Plaintiff's Counsel's withdrawal and this Court should deny it in full.

## II.     ARGUMENT

### A.     STANDARD FOR TERMINATING SANCTIONS

Under Federal Rule of Civil Procedure 41(b), a Defendant may move to dismiss an action where the Plaintiff fails to prosecute:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41.  "Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy." *Luna v. Daneshi*, No. CV 20-9769 FMO (AFMx), at *2 (C.D. Cal. Feb. 12, 2021); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986).

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

### B.     DEFENDANT HAS NOT ESTABLISHED THAT PLAINTIFF HAS FAILED TO PROSECUTE.

A failure to prosecute occurs when a Plaintiff unreasonably delays the progression of the suit.  "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation omitted).  In *Omstead v. Dell*, the court held that even two separate delays of two to five months were not sufficient delay to support a dismissal for failure to prosecute.  *Id*.  In the present case, Defendant has not even attempted to establish that Plaintiff has caused an unreasonable delay.  As Plaintiff has not failed to prosecute, Defendant cannot move to dismiss this action with prejudice.

### C. EVEN IF DEFENDANT COULD ESTABLISH UNREASONABLE DELAY, THE RELEVANT FACTORS WEIGH AGAINST GRANTING DEFENDANT'S REQUEST.

"[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  An evaluation of the factors establishes that Defendant cannot meet this standard.

#### 1. THE PUBLIC'S INTEREST IN EXPEDITIOUS RESOLUTION OF LITIGATION.

While it is true that "the public's interest in expeditious resolution of litigation always favors dismissal," "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by `unreasonable' delays." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Given that the trial in the present case is not scheduled to begin until December 6, 2021, and the discovery cut-off dates could be slightly extended to accommodate Plaintiff and her new counsel, if any, there is no rational basis for Defendant's proposal.

#### 2. THE COURT'S NEED TO MANAGE ITS DOCKET

Defendant's request for the Court to order Plaintiff or any new counsel to appear at a status conference within thirty days does not aid the Court in managing its Docket.  Federal Rule of Civil Procedure 41(b) provides that Defendant must file a motion for a dismissal and it may do so at any time.  The purported status conference is an unnecessary precursor for such a motion.                    3.

#### 3. THE RISK OF PREJUDICE.

A party suffers prejudice sufficient to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Gonzalez v. San Mateo Cnty.*, No. 3:19-cv-00736-VC (LB), at *5 (N.D. Cal. Feb. 16, 2021); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* 460 F.3d 1217, 1227 (9th Cir. 2006).  Defendant has failed to establish that a failure to attend the proposed status conference would impact the

1  Defendant's ability to go to trial or interfere with the rightful decision of the case in any way.
2  Further, proceeding with the case as previously set without an additional case status conference
3  would not prejudice the Defendant.  Accordingly, this factor weighs against granting Defendant's
4  proposal.

### 4. THE AVAILABILITY OF LESS DRASTIC MEASURES

"This factor also weighs against dismissal, particularly [where] the court has not considered or tried less drastic alternatives to dismissal. " *United Van Lines, LLC v. Edwards*, No. Civ. S-07-715 RRB DAD, at *6 (E.D. Cal. Mar. 10, 2008).  "Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first.  For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction." *Gonzalez v. San Mateo Cnty.*, No. 3:19-cv-00736-VC (LB), at *5 (N.D. Cal. Feb. 16, 2021); *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988).  A failure to consider less drastic alternatives, even after a party intentionally disobeys a court order, strongly weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d at 643.  Here, Defendant's proposed course of action immediately utilizes the most drastic sanction possible in response to Plaintiff's potential failure to attend an unnecessary status conference.  Further, if the Court is to order that Plaintiff or any new counsel appear at a status conference within thirty days and Plaintiff fails to follow such orders, it must utilize other, less drastic sanctions before resorting to the extreme sanction of dismissal with prejudice.

### 5. THE PUBLIC POLICY FAVORING DISPOSITION OF CASES ON THEIR MERITS.

"Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible." *Schenker, Inc v. Predator Mogulwear Inc.*, No. C 07-01795 WHA, at *3 (N.D. Cal. Dec. 20, 2007).  "[P]ublic policy strongly favors disposition of actions on the merits" *Yourish*, 191 F.3d at 992.  "Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) "This policy favoring resolution on the merits "is particularly important in civil rights

cases." " *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Defendant has not advanced any facts or theories sufficient to overcome this strong public policy preference.

### D. AS DEFENDANT HAS FAILED TO DEMONSTRATE BOTH THAT PLAINTIFF HAS FAILED TO PROSECUTE AND THAT THE RELEVANT FACTORS FAVOR DISMISSAL WITH PREJUDICE, DEFENDANT'S PROPOSAL SHOULD BE DENIED.

Defendant's proposed status conference is an unnecessary burden on the Court's docket and Plaintiff. Further, Defendant's extreme proposal of terminating sanctions in the event that Plaintiff is unable to appear or have counsel appear on her behalf within thirty days of an unspecified event is entirely without justification.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendant's proposed course of action in full. In the alternative, if this Court grants Defendant's request for a status conference, it should pursue less drastic sanctions prior to considering whether the relevant factors favor the extreme sanction of dismissal with prejudice.

DATED: February 23, 2021                    BURTON EMPLOYMENT LAW

By *Mara Sackman*
MARA SACKMAN
Attorneys for Plaintiff
CINDY L. KOSTER