UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CINDY L. KOSTER,

Plaintiff,

v.

SAFELITE FULFILLMENT, INC.,

Defendant.

Case No. 20-cv-02582-WHO

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Re: Dkt. No. 45

Plaintiff Cindy Koster has failed to prosecute this action against her former employer defendant Safelite Fulfillment, Inc. She refused to participate in a scheduled mediation in December 2020 and she has not meaningfully participated in the discovery process. On March 10, 2021, I granted Burton Employment Law's motion to withdraw as counsel for Koster. Dkt. No. 41. At that hearing, Koster indicated that she expected to retain new counsel within two weeks. I continued the matter to April 6, 2021 to give her an opportunity to do so. After she failed to appear at the April 6, 2021 Case Management Conference, I issued an order to show cause for failure to prosecute. Dkt. No. 45. To avoid dismissal, I instructed her to file a declaration by April 27, 2021 that states that she does want to proceed with her case, indicates whether she will represent herself pro se or be represented by counsel, describes why she failed to attend the April 6, 2021 Case Management Conference and the mediation in December, and represents that she will comply with all of her responsibilities as a litigant from now on. *Id.* She has not filed a declaration or otherwise responded to my order.

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In deciding whether to dismiss for failure to prosecute

or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. As described above, Koster was given ample opportunity to prosecute this case and failed to do so. This failure to prosecute hinders my ability to move this case forward toward disposition and suggests that Koster does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted here.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Koster has not discharged this responsibility. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Koster's failure to prosecute.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Koster has not been complying with her responsibilities as a litigant since at least December 2020 when she failed to attend a scheduled mediation. In my April 6, 2021 order to show cause, I warned her that this action will be dismissed unless she files a declaration as instructed. She had ample opportunity to indicate that she wants to proceed with this action, but has not done so.

For the foregoing reasons, I find that the factors weigh in favor of dismissal. This action is hereby DISMISSED without prejudice for failure to prosecute and comply with court orders

pursuant to Federal Rule of Civil Procedure 41(b).  The hearing set for May 4, 2021 is vacated.

**IT IS SO ORDERED.**

Dated: May 3, 2021



William H. Orrick
United States District Judge